## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

    Plaintiff,

        v.

BRIAN MCKENNA,

K.M., A MINOR,

and

J.M., A MINOR,

    Defendants.

Case No.


**COMPLAINT FOR INTERPLEADER RELIEF**

Plaintiff American General Life Insurance Company, by its undersigned attorney, hereby files its Complaint for Interpleader Relief pursuant to Fed. R. Civ. P. 22 against Defendants Brian McKenna, K.M., a minor, and J.M., a minor, and states as follows:

### PARTIES

1.    Plaintiff American General Life Insurance Company ("American General") is a Texas insurance corporation with its principal place of business in Houston, Texas.

2.    Defendant Brian M. McKenna ("McKenna") is a citizen of the State of New Mexico residing in Sandoval County.

3.    Defendant K.M is a minor and is a citizen of the State of New Mexico

1

residing in Sandoval County.

4.     Defendant J.M. is a minor and is a citizen of the State of New Mexico residing in Sandoval County.[1]

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1332 as no Defendant is a citizen of Texas and the amount in controversy exceeds $75,000.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all Defendants reside in Sandoval County, New Mexico.

## FACTUAL BACKGROUND

7.     On or about December 3, 2014, Amanda McKenna (the "Decedent") applied for a life insurance policy with American General (the "Application"). *See* Application, attached hereto as **Exhibit A**.

8.     The Application designates Defendant McKenna, the Decedent's then-spouse, as primary beneficiary of the policy and "all children" born of the marriage between the Decedent and Defendant McKenna as contingent beneficiaries. *Id*.

9.     In accordance with the Application, American General issued life insurance policy no. 0211520544 (the "Policy") with a face amount of $500,000.

---

[1] Because Defendants K.M. and J.M. are Minors, American General files contemporaneously with this Complaint its Motion to Appoint a Guardian Ad Litem pursuant to Fed. R. Civ. P. 17(c).

*See* Policy, attached hereto as **Exhibit B.**

      10.    The BENEFICIARY section of the Policy provides:

> **Beneficiary.** The Beneficiary as named in the application, or later changed by You, will receive the proceeds upon the death of the Insured. Unless You have stated otherwise, proceeds will be paid as follows:
>
> 1. If any Beneficiary dies while the Insured is living, that Beneficiary's interest will pass to any other Beneficiaries or
>
> 2. If there is no Beneficiary upon the death of the Insured (and there is no provision to the contrary), proceeds will be paid in one sum to the Owner, if living; otherwise proceeds will be paid to the Owner's estate.

*Id.*

      11.    The Decedent and Defendant McKenna had two children during their marriage, Defendants K.M and J.M.

      12.    In 2021, the Decedent and Defendant McKenna divorced.

      13.    The couple's Marital Settlement Agreement does not dispose of or otherwise mention the Policy. *See* Marital Settlement Agreement, attached hereto as **Exhibit C**.

      14.    The Marital Settlement Agreement references several property addendums which were not included with the documents received by American General. *See id*.

      15.    On February 23, 2023, the Decedent passed away.

      16.    American General has no record of receiving a Change of Beneficiary

Request before the Decedent's death.

17.     After the Decedent's death, American General received a Claimant's Statement from Defendant McKenna asserting his right to the Policy's death benefit as primary beneficiary. *See* McKenna Claimant's Statement, attached hereto as **Exhibit D**.

18.     American General subsequently informed Defendant McKenna that New Mexico's revocation upon divorce statute appears to disqualify him as beneficiary and requested documentary evidence establishing that the designation was re-affirmed post-divorce.

19.     Defendant McKenna informed American General that an addendum to the Marital Settlement Agreement ("Addendum") addresses the disposition of the Policy.

20.     To date, however, American General has not been provided with any such Addendum.

21.     Defendant McKenna likewise informed American General that he and the Decedent had a post-divorce, verbal agreement concerning the disposition of the Policy.

22.     American General has received no corroborating evidence of any post-divorce verbal agreement reached between Defendant McKenna and the Decedent.

23.     Defendant McKenna adamantly maintains his claim to the Policy's

death benefit.

## COUNT I – INTERPLEADER RELIEF

24.    American General incorporates by reference Paragraphs 1–23 as if stated herein.

25.    New Mexico's revocation upon divorce statute, N.M. Stat. Ann. § 45-2-804, provides in relevant part:

B.    Except as provided by the express terms of a governing instrument, a court order or a contract relating to the division of the marital estate made between the divorced individuals before or after the marriage, divorce or annulment, the divorce or annulment of a marriage:

(1) revokes any revocable:

(a) disposition or appointment of property made by a divorced individual to the former spouse in a governing instrument and any disposition or appointment created by law or in a governing instrument to a relative of the divorced individual's former spouse;

26.    In the absence of an Addendum to the Marital Settlement Agreement or an enforceable agreement between Defendant McKenna and the Decedent related to the Policy, Section 45-2-804 appears to disqualify Defendant McKenna as primary beneficiary of the Policy.

27.    If § 45-2-804 does disqualify Defendant McKenna as a beneficiary, the Policy death benefit would be payable equally to K.M. and J.M as children of the marriage between Defendant McKenna and the Decedent.

5

28.     Moreover, even if Defendant McKenna is disqualified as beneficiary pursuant to § 45-2-804, he may nevertheless have an adverse claim to a portion of the Policy proceeds pursuant to New Mexico's community property laws. *See Roselli v. Rio Cmtys. Serv. Station*, 787 P.2d 428, 513 (N.M. 1990) ("[P]ayment of life insurance policy premiums with community funds results in a community property interest in the policy proceeds.")

29.     Based on the foregoing, there exists actual or potential, rival, adverse, and conflicting claims to the proceeds described above, and American General is unable to discharge its admitted liability without exposure to multiple liability, multiple litigation, or both.

30.     American General is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and the potential for multiple litigation relating to the proceeds due and owing under the Policy.

31.     American General neither has, nor claims, any interest in the proceeds due under the Policy, and at all times has been willing to pay the proceeds to the person or persons entitled to it.

32.     American General should not be compelled to become involved in the dispute or contentions of competing claimants, and the competing claimants should be ordered to litigate amongst themselves without further involvement of American General.

6

33.     American General has in no way colluded with any of the parties named herein concerning the matters of this case. American General filed this Complaint for Interpleader Relief on its own free will to avoid multiple liability, multiple litigation, or both.

34.     American General will seek leave to deposit into the Registry of the Court the proceeds due under the Policy, plus applicable interest, if any.

35.     American General alleges that it is entitled to interpleader relief pursuant to Fed. R. Civ. P. 22 and further alleges that it is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff American General Life Insurance Company requests:

A.     That the Defendants be required to make full and complete Answer to this Complaint for Interpleader Relief, setting forth to which party the proceeds belong, or any part thereof rightfully belongs, and how they make their claims thereto;

B.     That this Court determine and declare the rights of the Defendants to the proceeds payable under American General Life Insurance Policy No. 0211520544.

C.    That this Court discharge American General of and from any and all further liability under American General Life Insurance Policy No. 0211520544 and on account of the death of Amanda McKenna.

D.    That this Court enter an order awarding American General its attorneys' fees and costs in connection with this action, to be deducted from the proceeds payable under American General Life Insurance Policy No. 0211520544.

E.    That this Court excuse American General from further attendance upon this cause and dismiss American General from this case, with prejudice;

F.    That the Defendants be enjoined from instituting or prosecuting American General in any proceedings in any state or United States Court or administrative tribunal relating to the proceeds payable under American General Life Insurance Policy No. 0211520544 and on account of the death of Amanda McKenna and that said injunction issue without bond or surety; and

G.    That this Court grant American General such other and further relief that this Court deems just and equitable.

Dated: September 27, 2023

Respectfully submitted,

Dickinson Wright PLLC
221 North Kansas Street, Suite 2000
El Paso, Texas 79901
Tel: (915) 541-9322
Fax: (844) 670-6009

By: */s/ Adrian Acosta*
    Adrian Acosta
    New Mexico State Bar No. 160403
    Aacosta@dickinsonwright.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Complaint and Summons will be served on

each Defendant in accordance with the Federal Rules of Civil Procedure as follows:

Brian McKenna
6321 Vatapa Rd NE
Rio Rancho, NM 87124

J.M. and K.M.
To be served upon appointment of Guardian Ad Litem

By: */s/ Adrian Acosta*
    Adrian Acosta